**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

KAREN R. BELLER                                                                    PLAINTIFF

v.                                     No. 1:07CV00057 JLH

HEALTH RESOURCES OF ARKANSAS, INC.                              DEFENDANT

## OPINION AND ORDER

Karen R. Beller commenced this action against Health Resources of Arkansas, Inc., pursuant to 29 U.S.C. § 1132(a)(1)(B) and § 1132(c)(3).  Beller was an employee of Health Resources of Arkansas from September 1, 2005, until September 29, 2006.  From September 30, 2006, through February 2, 2007, Beller was an independent contractor for Health Resources of Arkansas.  As a part of its employee benefit plan, Health Resource of Arkansas provided health insurance coverage through a group policy issued by Arkansas Blue Cross Blue Shield.  Health Resources of Arkansas provided health insurance coverage for Beller through February 28, 2007, although it contends that Beller's eligibility ceased when her full-time employment ceased on September 29, 2006, and that the premiums were erroneously paid from September 30, 2006, through February 2007.

According to Beller, after her health insurance coverage was terminated on February 28, 2007, she mailed her COBRA (Consolidated Omnibus Budget Reconciliation Act) election form on April 26, 2007, to Ceridian COBRA Continuation Services.  Ceridian denied her claim for COBRA rights on the ground that her COBRA election form was not submitted within the 60-day election period provided in 29 U.S.C. § 1165.  The issue is whether her 60-day election period began on September 29, 2006, when her full-time employment ceased, or on February 28, 2007, when her insurance coverage was terminated.

After the complaint and answer were filed in this case, the Court issued its typical ERISA scheduling order providing a date by which the stipulated record must be filed and further dates by which briefs must be filed.  However, the parties were unable to stipulate to the contents of the administrative record.  Health Resources of Arkansas filed what it contends is the administrative record.  Beller has filed a motion in which she seeks to add to the administrative record a Certificate of Credible Coverage issued by Arkansas Blue Cross Blue Shield certifying that the last day Beller was covered was February 28, 2007; a letter dated July 12, 2007, from the compliance department of Ceridian, denying her request for COBRA continuation coverage; the COBRA election form that she signed on April 18, 2007, received by Ceridian on April 30, 2007; a copy of the envelope in which she mailed her COBRA election form to Ceridian; a letter dated May 10, 2007, from CobraServ National Service Center (Ceridian's predecessor) denying her claim for COBRA cases; and medical bills incurred since Health Resources of Arkansas refused to allow COBRA coverage.  Beller also requests the opportunity to conduct discovery to determine whether the administrative record proposed by Health Resources of Arkansas is complete.  Finally, she requests an extension of time to file her brief until the Court has ruled upon the issues involving the administrative record.

Health Resources of Arkansas does not oppose the motion for extension of time but does oppose the request to expand the administrative record and the request for discovery.  Health Resources of Arkansas has attached to its response the affidavit of Shelley McCormick, an administrative assistant employed by Health Resources of Arkansas.  Part of McCormick's job is to notify employees of their rights of continuing health insurance coverage under COBRA.  McCormick's affidavit states her testimony as to the relevant sequence of events and the documents in the file that confirm her testimony as to the sequence of events.  The affidavit also states that

2

McCormick did not see the documents that Beller has requested be included in the administrative record until 2008.

Ordinarily, discovery may not be permitted in an ERISA case nor may the Court consider evidence outside of the administrative record. *Brown v. Seitz Foods, Inc. Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). However, courts have allowed discovery to determine whether the administrative record produced by the plan administrator or fiduciary is complete. *Doe v. MAMSI Life & Health Ins. Co.*, 448 F. Supp. 2d 179, 183-84 (D.D.C. 2006).

This case is not the typical ERISA case in which a plan participant has submitted a claim for disability benefits, the plan administrator or fiduciary has denied the claim, and the Court must review the claim file to affirm or reverse the denial of disability benefits. Although Health Resources of Arkansas is the plan administrator, the health insurance was provided by Arkansas Blue Cross Blue Shield through a group policy, and COBRA coverage was administered through Ceridian, so three different entities may have documents that could be part of the administrative record. Shelley McCormick's affidavit says that she did not see any of the documents proposed by Beller until 2008, but, as noted above, one of those documents is a Benefit Plan Certificate of Creditable Coverage issued by Arkansas Blue Cross Blue Shield dated March 24, 2007, while others are documents sent to or from Ceridian in 2007. While Health Resources of Arkansas argues that discovery is inappropriate in this case, it has, as noted, submitted McCormick's affidavit, which obviously is not part of the administrative record, providing her testimony as to what happened in this case. It is difficult to see why the Court would consider the sworn testimony in McCormick's affidavit but not allow Beller the opportunity to ask her questions about the matters to which she has testified by affidavit.

3

Health Resources of Arkansas characterizes Beller's request as one for unrestricted discovery, but it is not. Beller requests discovery to determine whether the administrative record is complete, which is, as the Court understands it, a request for limited discovery to insure that the complete administrative record is before the Court. In these unusual circumstances, the Court believes that discovery, limited to the issue of whether the administrative record is complete and cross-examination of McCormick on the statements in her affidavit, should be allowed. The motion to conduct discovery on the issue of whether the administrative record is complete and the motion for an extension of time to file a brief are therefore GRANTED. Document #13. The parties will be permitted to conduct discovery on the issue of whether the administrative record is complete for a period of 90 days from the date this order is entered. That discovery may include cross-examination of McCormick on the statements made in her affidavit. Beller's brief will be due 120 days from the date this order is entered. Beller should file with her brief any documents that she believes should be included in the administrative record, and her brief should explain why those documents should be included. The Court will rule on the issue of which documents should be considered when it issues a ruling on the merits. Defendant's brief must be filed within 14 days after Beller files her brief. A reply brief, if Beller wishes to file one, must be filed 7 days thereafter.

IT IS SO ORDERED this 8th day of July, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE